UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARTY LAMAR BAIRD,           )
                             )
        Plaintiff,           )
                             )
v.                           )     CV422-029
                             )
BROOKS BENTON, *et al.*,     )
                             )
        Defendants.          )

## ORDER

Marty Lamar Baird, a Georgia prisoner proceeding *pro se*, has submitted a 42 U.S.C. § 1983 Complaint against several employees of Coastal State Prison alleging that his access to the law library and copy machine is restricted, that the prison provides inadequate medical care and unfit conditions of confinement, that he has not been provided with an account summary upon request, and that he has not been given the "orientation," which is "supposed to be done on arrival [at the prison]." *See generally* doc. 1; *see also id.* at 3-4. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 8 & 9. The Court, therefore, proceeds to screen his Complaint. *See*

1

28 U.S.C. § 1915A.  Before conducting that screening, however, the Court must address Plaintiff's vague request for appointed counsel.

## Court-Appointed Counsel

Plaintiff has included an ambiguous request, which the Court construes as a request for court-appointed counsel, in his Complaint.  *See* doc. 1 at 4.  He states, "I can't get any papers requesting a court appointed lawyer.  Please help in this matter."  *Id.*  While his complaint about his access to "papers" is not an explicit request for counsel, liberally construed, it suggests one.  Regardless of the ambiguity of his request, it is clear that any request for court-appointed counsel is properly **DENIED**.

First, Plaintiff has no constitutional right to counsel in this civil case.  *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  *Id.*  (citing *Bass*, 170 F.3d at 1320).  Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts

and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).  Moreover, this Court has repeatedly recognized that "prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigating a case while incarcerated." *Hampton v. Peeples*, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  As Plaintiff's Complaint, while not sufficient to state a claim, is clear and cogent, the Court does not find any "exceptional circumstance" that warrants

appointment of counsel. *Fowler*, 899 F.2d at 1096. Plaintiff's request for appointed counsel is, therefore, **DENIED**.

## Standard of Review

Under 28 U.S.C. § 1915A, the Court must "review" complaints by prisoners seeking redress from governmental defendants and dismiss any claims that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted; or . . . seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). In conducting this review, the Court accepts Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Because he is proceeding *pro se*, his pleadings are held to a less stringent standard than those drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "The plausibility standard is not analogous to a probability requirement, but it requires more than a "sheer possibility" that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation marks and citations omitted).

## Factual Background

Plaintiff is a prisoner at Coastal State Prison who objects to several aspects of his imprisonment. Doc. 1 at 2. First, he claims that he is being "constantly withheld" from accessing the prison's law library. *Id.* at 3. At the time of filing his Complaint in this case, he had another case pending before the Court, *see, e.g.*, *Baird v. Davis*, 5:20-cv-10, doc. 1 (S.D.

Ga. Jan. 17, 2020), in which he had to seek multiple extensions of time to file and respond to motions. Doc. 1 at 3.

Plaintiff also refers to vague deficiencies in the medical care available at the prison. Doc. 1 at 3-4. Specifically, he asserts that "[g]etting the medical treatment needed or the prescribed remedy is impossible." *Id.* at 3. He indicates that prison officials and officers, rather than medical employees working at the prison, are preventing him from receiving necessary medical care. *Id.*

Finally, Plaintiff objects that the conditions of his confinement are "unfit." Doc. 1 at 3. He alleges that he is living in a condemned building with overflowing plumbing. *Id.* He states that there are no yard calls. *Id.* He identifies an array of other issues in his Complaint, including: that he is unable to use any copy machine; that he has difficulty accessing any of the counselors at the prison; that he observes that prisoners, including him, are often intentionally not given "callouts," causing them to miss appointments; that "Mental Health T. Fletcher lies to inmates and Ms. Polite causes more stress on a body"; that he did not receive orientation, "which is supposed to be done on arrival"; and that he did not receive his prison account summary upon request. *Id.* at 4.

## Claims

### I. Access to the Courts

Plaintiff's allegations concerning his access to the law library and his difficulties litigating another case implicate an access-to-courts-claim. Under the First Amendment, Plaintiff has a right to meaningful access to the courts, including some right to legal research. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bowens v. Sikes*, 2017 WL 486266, at *4 (S.D. Ga. Jan. 4, 2017) (acknowledging prisoners' right to legal research material). However, the Supreme Court has expressly disclaimed any suggestion that prison authorities "must [also] enable the prisoner . . . to litigate effectively once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (emphasis omitted). Moreover, there is no "abstract, freestanding right to a law library or legal assistance . . . ." *Id.* at 351. Thus, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic. [Cit.] Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d

1284, 1291 (11th Cir. 1998) (internal quotation marks and citations omitted). A plaintiff must, therefore, allege "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials," to successfully state a claim. *Id.* at 1290-91; *see also Lewis*, 518 U.S. at 349-50, 354-55.

As noted above, Plaintiff states that he is a party to another suit, *Baird v. Davis*, 5:20-cv-10, *see* doc. 1 at 3, but fails to allege any actual injury. While he does assert that he had to seek extensions in that case, he does not allege that restrictions on his access to legal materials resulted in the dismissal of that suit or otherwise prevented him from pursuing his claim. *See id.* at 3-4. Because Plaintiff fails to allege an actual injury, he fails to state a claim.

The Court might afford him an opportunity to amend, but review of this Court's docket in his other case shows definitively that, when he filed this Complaint on February 3, 2022, he had not suffered an actual injury. *See Baird v. Davis*, 5:20-cv-10, 2022 WL 2308919 (S.D. Ga. June 27, 2022) (granting defendants' motion to dismiss); *see also, e.g., United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records"). That case was ultimately resolved on its

merits, not on any procedural defect caused by prison staff's interference or inaction. *See* 5:20-cv-10, doc. 50 (S.D. Ga. June 10, 2022) (recommending granting a fully briefed motion to dismiss on exhaustion grounds), *adopted* doc. 52 (S.D. Ga. June 27, 2022). Given that Baird was able to fully litigate the other case he refers to, it is impossible for him to state any viable access-to-courts claim in this case.

Plaintiff also complains that he is not able to make use of a copying machine. Doc. 1 at 3. This most closely resembles a First Amendment access to courts claim. *See, e.g., Wanninger v. Davenport,* 697 F.2d 992 (11th Cir. 1983); *see also Reynolds v. Wagner,* 128 F.3d 166, 183 (3d. Cir. 1997) (recognizing there is "no free-standing right to . . . photocopying services," and analyzing the prisoners' claim under the rubric of an access to courts claim). Without commenting on the merits of an access to courts claim solely predicated on access to copy machines, this claim fails for the reason discussed above—he has not suffered an actual injury to support his claim.

## II. Deliberate Indifference to Serious Medical Needs

"Federal and state governments . . . have a constitutional obligation[, under the Eighth Amendment,] to provide minimally

adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). To state an Eighth Amendment claim based on inadequate medical care, a plaintiff must allege facts sufficient to show that the defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle*, 429 U.S. at 106. A showing of deliberate indifference involves an objective and subjective component. *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024).

The objective component to deliberate indifference in this context requires that plaintiff allege an objectively "serious medical need[–]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotation marks and citations omitted). The subjective component of deliberate indifference requires that the defendant(s) acted with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). In other words, a plaintiff must allege that the defendants were subjectively aware that their own inaction caused a substantial risk of serious harm and that the

defendants unreasonably disregarded that risk. *Wade*, 106 F.4th at 1262. Therefore, if the defendants were unaware of Plaintiff's medical needs or responded reasonably to the identified risk, they cannot be held liable under the Eighth Amendment. *Id.*

Plaintiff's generalized reference to "getting . . . medical treatment or the prescribed remedy" is obviously insufficient to allege any element of a deliberate indifference claim. Given the lack of specificity about the medical condition at issue and the "officials and officers" responsible, the only plausible construction of his allegation is that he objects to the general standard of care provided at the prison, rather than to any particular denial he has experienced. To the extent that Plaintiff seeks to challenge general practices at the prison or treatment of other prisoners denied access to medical care, he lacks standing to do so. *See, e.g., Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986) ("In a non-class-action context a prisoner has no standing to litigate another prisoner's claim . . ."). Baird's medical care claim, therefore, fails.

### III. Conditions of Confinement

Plaintiff's assertions challenging the conditions of his confinement at Coastal State Prison are construed as alleged violations of his Eighth

Amendment right to be free from cruel and unusual punishments. *See Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."). Plaintiff has presented two identifiable claims: (1) that he is living in "unfit conditions" in a "condemned" building[1] with overflowing plumbing; and (2) that no yard calls are being given. Doc. 1 at 3. Neither states a claim upon which relief may be granted.

While "the Constitution does not mandate comfortable prisons," prison conditions can rise to the level of an Eighth Amendment violation if they "involve the wanton and unnecessary infliction of pain." *Chandler*, 379 F.3d at 1289 (internal quotation marks and citations omitted). A prisoner raising an Eighth Amendment challenge to the conditions of his confinement must plead facts that meet a two-part test. *Id.*; *see also Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). First, under the "objective component," a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. *Chandler*,

---

[1] While this Court is obligated to accept all allegations as true and construe them in the light most favorable to the plaintiff, *Bumpus*, 448 F. App'x at 4 n.1, this obligation does not extend to legal conclusions. "Condemnation" is a legal term of art that is not plausibly implicated here. Therefore, the analysis of Plaintiff's first conditions of confinement claim will be limited to the allegation of overflowing plumbing.

12

379 F.3d at 1289. To meet this standard, the alleged condition must be "extreme," and "pose[ ] an unreasonable risk of serious damage to his future health or safety." *Id.* (internal quotation marks and citation omitted). Second, under the "subjective component," the prisoner must allege facts that the prison official acted with deliberate indifference. *Id.* "To establish deliberate indifference, a plaintiff 'must show that the defendant was actually, subjectively aware that his own misconduct caused a substantial risk of serious harm to the plaintiff.'" *Johnson v. Grant*, 2024 WL 3673600, at *4 (M.D. Fla. Aug. 6, 2024) (quoting *Wade*, 106 F.4th at 1262).

Plaintiff fails to satisfy either component of his plumbing-related conditions of confinement claim. The Complaint simply alleges that "plumbing," it's not clear what, "overflow[s]," it's not clear how much or for how long. Doc. 1 at 3. Exposure to raw sewage in some cases may amount to cruel and unusual punishment, but "not every overflowed toilet in a prison amounts to a constitutional violation." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (citations omitted). However, generalized allegations of plumbing malfunction have been found to be insufficient to rise to the "extreme" level required to state a conditions of

13

confinement claim. *See, e.g.*, *id.* at 269 (finding that exposure to raw sewage from overflowed toilet for four days was insufficient as a matter of law to state an Eighth Amendment Claim); *Adams v. Ivey*, 2021 WL 711482, at *5 (N.D. Ala. Feb. 1, 2021) (holding that allegations of mold, the odor of sewage, roaches, and rodents in a jail "fall short of the 'extreme deprivations' necessary to properly state a claim for relief"). Because Plaintiff has not alleged a sufficiently serious condition, he fails to satisfy the objective component of his plumbing-related claim. Even if he alleged a serious condition, however, this claim suffers from another fatal defect. Plaintiff has failed to assert that any prison official had knowledge of the plumbing issues, let alone that they behaved recklessly as applied in criminal law. *See generally* doc. 1; *see also Wade*, 106 F.4th at 1262 (reaffirming that "subjective recklessness as used in the criminal law" is the appropriate standard for an Eighth Amendment deliberate indifference claim).

Plaintiff also states that there are "no yard calls" at the prison. Doc. 1 at 3. Federal courts have recognized that "[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened."

*Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (finding a constitutional violation where plaintiff was not permitted to recreate "for periods up to seven weeks in succession" while being housed in such tight quarters such that exercise was difficult or impossible). However, Plaintiff does not specify how long he was restrained from yard-calls, or whether any defendants were aware of this situation. *See generally* doc. 1. Listing the single phrase "no yard calls" with no factual support is insufficient to state a claim for relief. Because Plaintiff has failed to demonstrate that he was subjected to "extreme" situations that threatened his wellbeing, he fails to state a claim.

### IV. Claims that Fail to Implicate Constitutional Rights

Plaintiff claims that there is significant difficulty gaining access to counselors and that they are frequently unhelpful to inmates. Doc. 1 at 4. He further claims that inmates frequently miss appointments due to the intentional refusal of officers to call them out. *Id.* Next, he asserts that, "Mental Health T. Fletcher lies to inmates and Ms. Polite causes more stress on a body." *Id.* The Court cannot tell whether Plaintiff is referring to "counselors" in an administrative or medical capacity, or both. There is no discernable constitutional right to access to

"counselors," to the extent that they are simply part of a jail's administrative staff. *Cf. Bowens*, 2017 WL 486266, at *3 ("There is no constitutional right to jail grievance procedures . . . ."). If he means "counselors" in a medical sense, his claim would be subject to the analysis under the deliberate indifference standard discussed above, and he alleges no objectively serious medical need. His claim or claims concerning access to or problems with "counselors" fail.

Plaintiff also states that "orientation is supposed to be done on arrival," but that he has not received an orientation despite being incarcerated at Coastal State Prison for longer than a year. Doc. 1 at 4. Assuming, charitably, that failure to provide an "orientation," may run counter to Coastal State Prison or Georgia Department of Corrections' policies, that does not form the basis of a constitutional claim. *See, e.g., Malone v. Bailey*, 2020 WL 8172706, at *2 (S.D. Ga. Dec. 22, 2020) ("[A]n allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted." (citations omitted)). For the same reason, Plaintiff fails to state a claim with his allegation that he was never provided an account

summary upon request. The claims discussed in this paragraph may not be amended because they fail to state a claim as a matter of law.

## Conclusion

For the reasons explained above, Baird's Complaint fails to state any claim upon which relief may be granted. It is, therefore, **DISMISSED**. 28 U.S.C. § 1915A. Although pro se litigants are generally given leave to amend their complaint at least once, that principle is limited to instances where "a more carefully drafted complaint might state a claim." *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Since the Court cannot discern any viable amendment of the claims pleaded, an opportunity to amend his claims would be futile. *See id.* ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal."). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 27th day of March, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA